**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **TOMMY W. STEELE,** ) | |
| **ID # 4227-15,** ) | |
|     **Plaintiff,** ) | |
| **vs.** ) | No. 3:16-CV-471-N-BH |
| ) | |
| **SHANI FLEMINS,** ) | |
|     **Defendant.** ) | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this case has been automatically referred for judicial screening. Based on the relevant filings and applicable law, the plaintiff's federal claims should be **DISMISSED with prejudice**, and his state law claims should be **DISMISSED without prejudice**.

**I. BACKGROUND**

Tommy W. Steele (Plaintiff) brings suit under 42 U.S.C. § 1983 against Shani Flemins (Defendant), who was appointed to represent him on a charge of possession of a controlled substance in Cause No. 40590CR in the 443rd Judicial District Court of Ellis County, Texas. (Doc. 3 at 3.) Plaintiff claims he was indicted 184 days after his arrest, but the state was required to indict him within 180 days of his arrest, and that Defendant violated his civil rights by refusing to file a motion to dismiss the indictment on that basis. (*Id* at 4.) He also alleges legal malpractice based on the Texas Rules of Disciplinary Procedure and retaliation for a grievance he filed with the State Bar of Texas. (Docs. 4, 6.) Plaintiff asserts that Defendant has not filed any motions in his defense or subpoenaed evidence for his defense, and he disagrees with the motion for a competency examination filed by Defendant. (Doc. 6.) No process has been issued in this case.

**II. PRELIMINARY SCREENING**

Because Plaintiff has been permitted to proceed *in forma pauperis*, his complaint is subject

to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

### III. SECTION 1983

Plaintiff sues the attorney appointed to represent him in connection with a state criminal proceeding under § 1983. (Doc. 3 at 3.)

Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a § 1983 claim, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir.

2005).

It is well-established that an appointed attorney does not act under color of state law in representing a defendant at trial or on direct appeal. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding); *Mills v. Crim. Dist. Ct. No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) (holding that "private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983"). A private party may be acting "under color of state law" and be held liable under § 1983 in certain circumstances, however. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970); *Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir. 1989).

Here, Plaintiff has not alleged that Defendant was acting as a state actor; he only complains about Defendant's handling of his criminal case. He has failed to state a viable, non-frivolous § 1983 claim against his attorney, and the claim against Defendant should be dismissed.

### III.  STATE LAW CLAIMS

Plaintiff also asserts legal malpractice against Defendant for violating the Texas Rules of Disciplinary Procedure.

Legal malpractice claims are state law claims. *See Singh v. Duane Morris LLP*, 538 F.3d 334 (5th Cir. 2008). Federal courts may exercise supplemental jurisdiction over state claims in any civil action in which the court has original jurisdiction. 28 U.S.C. § 1367(a). Whether to exercise such jurisdiction after dismissing the underlying federal claims is a matter left to the sound discretion of the court, however. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Heaton v. Monogram Credit Card Bank*, 231 F.3d 994, 997 (5th Cir. 2000). When federal claims

are dismissed at a preliminary stage of litigation, judicial economy argues against the exercise of pendent or supplemental jurisdiction over state claims. *See LaPorte Constr. Co. v. Bayshore Nat'l Bank*, 805 F.2d 1254, 1257 (5th Cir. 1986). Because Plaintiff's federal claims are subject to dismissal as frivolous and for failure to state a claim, his state law claims should be dismissed without prejudice to pursuing them in state court. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *Sibley v. Lemaire*, 184 F.3d 481, 490 (5th Cir. 1999) (affirming the district court's decision not to hold a jury trial on the state negligence claim after it granted summary judgment on the § 1983 claims).

## V. RECOMMENDATION

Plaintiff's federal claims should be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2). The Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims, and the state law claims should be **DISMISSED** without prejudice to him pursuing them in state court.

**SO RECOMMENDED this 7th day of March, 2016.**

                                                                IRMA CARRILLO RAMIREZ
                                                                UNITED STATES MAGISTRATE JUDGE

4

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE